# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY MAYS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV: 12-8026-IPJ-JHE |
| | ) CR: 10-107-IPJ-RRA-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## <u>MEMORANDUM OPINION</u>

Having already received a second bite at the apple, petitioner Courtney

Mays now seeks a third. On November 28, 2007, before Judge Virginia Emerson

Hopkins, Mays pleaded guilty to two counts of felon in possession of a firearm

pursuant to a plea agreement. Minute Entry of 11/28/2007, United States v. Mays,

No. 07-cr-307-VEH-PWG-1 (N.D. Ala. Nov. 28, 2007). The court entered

judgment against Mays, which the Government appealed to the Eleventh Circuit.

*Id.* (doc. 23). The Eleventh Circuit found that the district court erred in finding

that Mays's prior convictions for first-degree marijuana possession did not qualify

as "serious drug offenses" for Armed Career Criminal Act ("ACCA") purposes

and vacated and remanded the case. *United States v. Mays*, 300 Fed. Appx. 735,

1

737 (11th Cir. 2008). On remand, Mays filed a motion to withdraw the guilty plea
he entered and the court granted Mays's motion. Minute Entry of 11/30/2009,
United States v. Mays, No. 07-cr-307-VEH-PWG-1 (N.D. Ala. Nov. 30, 2009).
The court set the case for trial and Mays subsequently filed a motion to dismiss the
indictment. *Id.* (doc. 50). The court granted Mays's motion and dismissed the
indictment without prejudice. *Id.* (doc. 52).

On March 31, 2010, the Government again indicted Mays for two counts of
felon in possession of a firearm based on the same factual predicate as the
previous indictment (cr. doc. 7). On June 14, 2010, in a hearing before the
undersigned, Mays pleaded guilty to the counts charged in the indictment pursuant
to a plea agreement (cr. doc. 32, doc. 43). On July 23, 2010, the court entered
judgment against Mays on two counts of Felon in Possession of a Firearm in
violation of 18 U.S.C. § 922(g)(1) (crim. doc. 38). The court sentenced Mays to a
term of 180 months on each count to be served concurrently with the other. *Id.* at
2. Mays appealed the judgment, which the Eleventh Circuit affirmed in an Opinion
issued April 23, 2011. *See United States v. Mays*, 424 Fed. Appx. 830, 834 (11th
Cir. 2011). And now pending before the court is Mays's motion to vacate, set
aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 1).

Mays filed the instant § 2255 motion on July 17, 2012. *See* Motion Under

2

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 1 p. 13). The Government filed a timely response to Mays's motion (doc. 6). Mays also filed supplements to his § 2255 motion (docs. 9 & 10) to which the Government also responded (doc. 14). Mays remains in federal custody and his § 2255 motion is timely.[1]

## STATEMENT OF FACTS[2]

On November 17, 2006, Birmingham Police Department detectives attempted to initiate a traffic stop on a 1996 Cadillac Eldorado. When the driver declined to stop the car, the police chased the Cadillac onto a dead-end street where three individuals, including Mays, exited the car and fled. An officer noticed that Mays held a firearm in his hand. The officer chased Mays until the officer was able to handcuff him and recover a Llama .45 caliber pistol. Plea Agreement p. 3 (crim. doc. 32).

On June 3, 2007, Birmingham Police Department officers observed Mays standing next to a car and recognized him for having outstanding arrest warrants

---

[1] Because Mays did not petition the United States Supreme Court for certiorari, Mays's judgment became final 90 days after the Eleventh Circuit affirmed the judgment. *See Clay v. United States*, 537 U.S. 522, 532 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). Under AEDPA Mays had until July 27, 2012 to timely file his § 2255 motion.

[2] These facts are recounted from the Plea Agreement, and Mays stipulated that they are substantially correct. Plea Agreement pp. 3–5 (crim. doc. 32).

3

with the City of Birmingham. When Mays saw the officers, he ran toward a nearby residence and began banging on the door and screaming to be let inside. *Id.* at 3–4. As the officers approached Mays, he moved from between the home's screen door and front door. The officers then "observed several small plastic bags on the ground between the doors." *Id.* at 4. Upon arresting Mays, officers recovered a .38 caliber Smith & Wesson from the back pocket of his shorts. Mays begged the officers not to charge him with the gun. *Id.* At the time of both arrests, Mays had several previous convictions for felonies including second-degree theft of property, two counts of first-degree marijuana possession "for other than personal use", and third-degree burglary. *Id.* at 4–5.

## DISCUSSION

In the instant § 2255 motion, Mays argues that he suffered ineffective assistance of counsel during his appeal. Specifically, Mays argues that his appellate counsel should have argued that the Plea Agreement he entered was invalid because Mays did not enter the Agreement knowingly and voluntarily. In the supplements to his § 2255 motion, Mays argues that in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and the Eleventh Circuit's decision in *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014), the court improperly enhanced his sentence under the ACCA based on his

prior felony convictions.[3]

## I.      Ineffective Assistance of Counsel

The crux of Mays's argument in his § 2255 motion stems from the waiver included in his Plea Agreement. Mays agreed to waive his right to challenge his conviction and/or sentence, but reserved the right to contest an appeal in certain situations, including the right to appeal the district court's denial of several of Mays's pre-trial motions. Mays's reservation of rights reads as follows:

> The defendant reserves the right to contest in an appeal or post-conviction proceeding:
> (a) Any sentence imposed in excess of the applicable statutory maximum sentence(s); and
> (b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed.

---

[3] Mays also claims that *Mcquiggin v. Perkins*, 133 S. Ct. 1924 (2013), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), afford him relief. *Perkins*, which addressed the actual innocence exception to the procedural default bar, is inapplicable to Mays's case. Although Mays asserts legal innocence, this claim does not constitute actual innocence for procedural default purposes and Mays alleges no new facts supporting his innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."). In fact, Mays does not dispute that he was in possession of the firearms on November 17, 2006 and June 3, 2007. Similarly, Mays's reliance on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), is misplaced. First, in *Alleyne*, the Supreme Court extended its holding in *Apprendi*, which is not retroactively applicable to cases on collateral review. Accordingly, *Alleyne* is not retroactively applicable to cases on collateral review. *See Kellogg v. U.S.*, 2013 WL 6065331 at 6 (N.D. Ala. 2013) (citing cases concluding that *Alleyne* is not retroactively applicable to cases on collateral review). Second, although the Supreme Court in *Alleyne* did determine that a fact that increases the penalty for a crime is an element that must be submitted the jury, the Court also noted that it was not disturbing the exception carved out for the fact of a prior conviction under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *Alleyne*, 133 S. Ct. at 2160 n. 1. Accordingly, under *Almendarez-Torres*, a prior conviction is not an element of a crime and, therefore, need not be submitted to a jury. *Almendarez-Torres*, 523 U.S. at 247.

(c) The parties further agree that the defendant reserves the right to appeal the district court's denial of the following motions:

(1) "Motion to Dismiss" - (Document 11)

(2) "Motion to Dismiss for Violation of Speedy Trial Rights" - (Document 18)

(3) "Motion to Suppress" - (Document 19)

(4) "Motion to Suppress Testimony or Evidence of Interstate Nexus" - (Document 20)

Plea Agreement pp. 7–8 (crim. doc. 32).

On appeal to the Eleventh Circuit, Mays raised the issue of the district court's denial of his "Motion to Suppress Testimony or Evidence of Interstate Nexus." In its response to Mays's appeal, the Government argued that Mays's motion to suppress lacked merit and had properly been denied by the district court. Brief of Appellee pp. 21–23 (doc. 6-1). However, the Government also noted that Mays had failed to preserve for review the issue of the court's denial of his motion to suppress, because Mays's motion had not actually been a "motion to suppress," but had been a motion in limine. *Id.* at 22. The Eleventh Circuit agreed that Mays's motion to suppress was properly construed as a motion in limine. *Mays*, 424 Fed. Appx. at 833. However, the court further reasoned that because Mays had entered the Agreement under the mistaken belief that he was entering the plea on the condition that he had reserved the right to appeal the denial of the "motion to suppress", Mays had not entered the Plea Agreement knowingly and voluntarily:

6

> Mays entered into an explicit, written plea agreement with the government, in which the government characterized the motion at issue as a "motion to suppress," and represented to Mays that he was preserving his right to appeal it. The Government now asserts that this motion, the preservation of which was a condition of its agreement with Mays, is not preserved. If a defendant entered a plea on the reasonable, but mistaken, belief that the plea was conditional, and that he had preserved an issue for appeal, then "his plea was, as a matter of law, not knowing and voluntary." *United States v. Pierre*, 120 F.3d 1153, 1156 (11th Cir. 1997).
>
> Mays's plea was not knowing and voluntary, and the appropriate remedy would normally be to vacate the plea. *Id.* at 1157.

*Id.* at 833–34. Nonetheless, the court held that because Mays had not raised this issue in his initial brief and declined to file a reply brief, Mays had not preserved the issue for review. *Id.* at 834. Mays now invokes the Eleventh Circuit's reasoning and further argues that his appellate counsel was ineffective for failing to assert on appeal that Mays did not enter the Agreement knowingly and voluntarily.

To establish ineffective assistance of counsel, a defendant must show that the lawyer's performance was so objectively unreasonable as to be deficient and that the deficiency prejudiced the client. *Strickland*, 466 U.S. 668, 692 (1984). The test for deficient performance by counsel is an objective one. *Id.* at 688. Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential" and "a

7

court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. A showing of ineffective assistance of counsel requires proof "that no competent counsel would have taken the action that [petitioner's] counsel did take." *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000)). A petitioner may establish prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Johnson v. Alabama*, 256 F.3d 1156, 1177 (11th Cir. 2001) (quoting *Strickland*, 466 U.S. at 694). Yet "because both parts of the test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." *Ward*, 592 F.3d at 1163 (11th Cir. 2010) (citing *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000)).

Mays's ineffective assistance of counsel claim fails because he cannot establish that his attorney's performance was objectively unreasonable. As an initial matter, Mays's appellate counsel could not have asserted the knowing and voluntary issue in the initial brief because the Government had not yet argued that Mays did not preserve the issue for review. Thus, Mays's ineffective assistance of counsel claim can only be rooted in his appellate counsel's failure to file a reply

brief asserting the knowing and voluntary issue. However, a reasonable attorney may have declined to file a reply brief for two reasons: (1) having already raised the district court's denial of the motion to suppress in the initial brief, a reasonable attorney may have concluded that the argument was tenuous and merited no further discussion in a reply brief, and (2) a reasonably competent attorney may have assumed that the appellate court would not have reviewed the knowing and voluntary issue asserted in a reply brief, because it is well established that appellate courts will not review issues raised for the first time in a reply brief. Because Mays cannot show that his attorney took steps that no competent counsel would have taken, his ineffective assistance claim cannot stand.

A. **Motion to Suppress Issue Did Not Warrant Further Discussion in a Reply Brief**

A reasonable attorney may have declined to file a reply brief because he could have concluded that Mays's motion to suppress argument did not warrant further discussion. In its brief to the Eleventh Circuit, the Government did not merely contend that Mays's motion should be construed as a motion in limine, but the Government also expressly asserted that Mays's argument in the motion to suppress was meritless and should have been denied by the district court. *See* Brief of the Appellee pp. 22–23 (doc. 6-1). Competent counsel may have considered

Mays's argument on this issue tenuous and considered the issue fully briefed in the initial brief and the Government's response. In his "Motion to Suppress Testimony Regarding Interstate Nexus and to Dismiss the Indictment," (crim. doc. 20), Mays moved the court to suppress the testimony of Agent Jay Bagwell because it "would not be based upon his personal knowledge and would be based upon hearsay and/or double hearsay." *Id.* at 2. Additionally, Mays argued that because the Government's proof of the interstate nexus element rested on inadmissible hearsay, the court should also dismiss the indictment against him. However, in its response to Mays's motion to suppress, the Government noted that Officer Sandra Tucker "arranged for ATF Special Agent and Interstate Nexus Expert Jay Bagwell to *make an independent determination* of the interstate nexus regarding both firearms and to testify at the trial scheduled in June 2010." Government's Response to Defendant's Motion to Suppress Testimony Regarding Interstate Nexus and to Dismiss the Indictment p. 3 (crim. doc. 21) (emphasis added). The Government further asserted that at trial it intended to introduce only Officer Bagwell's independent findings. *Id.*

The Eleventh Circuit has determined that a "firearms expert may testify '– based on his examination of the weapons in question and his consultation of reference books – about where the particular weapons had been manufactured, to

establish the required interstate nexus.'" *United States v. Floyd*, 281 F.3d 1346, 1349 (11th Cir. 2002) (quoting *United States v. Bonavia*, 927 F.2d 565, 567 n.2). Moreover, "hearsay testimony by experts is permitted if it is based upon the type of evidence reasonably relied upon by experts in the particular field." *Id.* (citing Fed. R. Evid. 703; *United States v. Cox*, 696 F.2d 1294, 1297 (11th Cir. 1983)). A reasonable attorney could have easily concluded, based on the Government's response to the motion to suppress, that Officer Bagwell's testimony would have been based on an independent determination of the firearms. Moreover, given that Bagwell was an ATF Special Agent and Interstate Nexus Expert, a reasonable attorney could conclude that his testimony would be based on the type of evidence reasonably relied on by experts in his field. Based on these observations, a reasonable attorney could have justifiably concluded that Mays's original motion to suppress was meritless and that any appeal based on the district court's denial of such motion would be based on a tenuous argument. Having already raised the issue of the denial of the motion to suppress in the initial brief, a reasonable attorney may have justifiably concluded that the issue did not warrant further discussion in a reply brief.

11

**B.     Reasonable Counsel May Have Declined to Assert the Knowing
and Voluntary Issue in a Reply Brief**

Additionally, a competent attorney may well have declined to assert the
knowing and voluntary issue in a reply brief, because it is well established that
appellate courts will not review issues raised for the first time in a reply brief. *See
United States v. Lopez*, 649 F.3d 1222, 1246 (11th Cir. 2011) ("Procedurally,
Varela did not raise the argument . . . until his reply brief to this Court. In this
circuit, 'that is too late.'") (quoting *Atwater v. Nat'l Football League Players
Ass'n*, 626 F.3d 1170, 1177 (11th Cir. 2010)). *See also Conn. State Dental Ass'n v.
Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n. 11 (11th Cir. 2009) ("Because
they raised this argument for the first time in their reply brief, we treat this
argument as waived."); *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir.
2006) ("[A]rguments raised for the first time in a reply brief are not properly
before a reviewing court."). Although the Government asserted in its response that
Mays failed to preserve the "motion to suppress" issue for appellate review, a
reasonable attorney may have concluded that the knowing and voluntary nature of
the Plea Agreement was still a new issue. Accordingly, declining to assert it in a
reply brief is not objectively unreasonable.

Thus, because Mays's appellate attorney could have reasonably concluded

that the motion to suppress issue warranted no further discussion in a reply brief
and that the knowing and voluntary issue would not be reviewed by the appellate
court after having been introduced in a reply brief, Mays cannot establish that no
competent counsel would have taken the steps that his appellate counsel did take.
Thus, Mays cannot demonstrate that his appellate counsel rendered ineffective
assistance of counsel. Importantly, "the test for ineffectiveness is not whether
counsel could have done more; perfection is not required. Nor is the test whether
the best criminal defense attorneys might have done more. Instead, the test is . . .
whether what [counsel] did was within the wide range of reasonable professional
assistance." *Ward*, 592 F.3d at 1164 (quoting *Waters v. Thomas*, 46 F.3d 1506,
1518 (11th Cir. 1995) (*en banc*)) (alterations in original). Mays's attorney's
performance was undoubtedly within the wide range of reasonable professional
assistance.

## II.    ACCA Predicate Offenses

Mr. Mays also claims that under *Descamps* and *Howard*, his sentence
enhancement under the ACCA should be vacated. Under § 2255(f), the one-year
statute of limitations on a § 2255 claim begins to run on the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

13

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). Because Mays's ACCA claims are time-barred under § 2255(f), the court must dismiss them.

Mays filed his "Notice and Invocation of Descamps v. United States, No. 11-9540 2013 & Mcquiggin v. Perkins no. 12-126 2013" on August 30, 2013. Mays then filed his "Invocation of United States v. Howard, No. 12015756 (11th Cir. 2014)" on March 6, 2014. As an initial matter, *Howard* does not fall under § 2255(f)(3)'s ambit as that case does not assert a right recognized by the Supreme Court. Rather, in *Howard* the Eleventh Circuit interpreted the Supreme Court's holding in *Descamps* in the context of Alabama's third degree burglary statute. *See generally Howard*, 742 F.3d 1334 (11th Cir. 2014). Thus, Mays's "Invocation of United States v. Howard" is time-barred and meritless. Moreover, even were the court to assume that *Descamps* established a newly recognized right made

retroactively applicable to cases on collateral review,[4] Mays's claim still falls outside the statute of limitations period. *Descamps* was decided in June 2012 and Mays filed his "invocation of *Descamps*" in August 2013, more than a year later. Accordingly, that claim is untimely.

Additionally, Mays's *Descamps* and *Howard* claims do not relate back to his original § 2255 filing. New claims in an amended § 2255 motion "will relate back and be considered timely if they arose out of the conduct, transaction, or occurrence set forth in [the petitioner's] original § 2255 motion." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (quotation marks omitted). Mays's claim that his sentence should not have been enhanced under the ACCA arises out of different facts than his original § 2255 claim that his attorney rendered ineffective assistance of counsel by failing to assert that his plea agreement was not entered into knowingly and voluntarily. Thus, Mays's *Descamps* and *Howard* claims do not relate back to his original § 2255 motion and

---

[4] Given that the Supreme Court has not made *Descamps* retroactively applicable to cases on collateral review and Mays presents this claim for the first time in his § 2255 motion, the court questions whether *Descamps* has any bearing whatsoever on Mr. Mays's case. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("We thus conclude that a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.") (quotation marks omitted).

are untimely.[5] Because Mays's "invocations" of *Descamps* and *Howard* fall outside of the limitations period established by § 2255(f), they are due to be dismissed.

## CONCLUSION

Having considered the foregoing, the court finds that petitioner's motion is due to be **DENIED**. The court shall so order by a separate order.

**DONE** and **ORDERED** this the 28th day of May 2014.

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE

---

[5] Mays argues that under *Perkins*, his *Descamps* claim is saved from being procedurally barred. However, as *Perkins* is inapplicable to Mays's case, *Perkins* cannot save his claim. *See supra* n. 3.

16